mandamus if the clerk should refuse to perform his duty in this respect, and the clerk is also liable to a penalty for such failure. Code, §§ 1246–1248. Section 1365, however, provides as follows:

"An execution against property can be issued only to a county, in the clerk's office of which the judgment is docketed."

As said by the Court of Appeals in the case of Dunham v. Reilly, 110 N. Y. 371, 18 N. E. 91:

"The language seems to involve both an authority and a prohibition, an authority where the judgment is docketed in any county to issue the execution to that county, and a prohibition, couched in the word 'only,' against any such issue to a county in whose clerk's office there is no such docket."

This matter seems also to have been passed upon directly in the case of Kupfer v. Frank, 30 Hun, 74, in which it is held that an execution cannot be issued upon a judgment until the judgment has been docketed. See, also, Harris v. Elliott, 163 N. Y. 269, 57 N. E. 406. Therefore it seems to be established by the weight of authority that a valid execution cannot be issued upon a judgment until it is docketed in the county. No execution, therefore, could have been issued upon the judgment in question until December 28, 1893.

The presumption of payment attaches 20 years after the party recovering the judgment was first entitled to a mandate to enforce it. An execution is a mandate (Code, § 3343), and it is the only mandate which the judgment creditor can issue. The conclusion seems to be that the 20 years did not begin to run until December 28, 1893. There is therefore no legal presumption of payment and nothing to contradict the affidavit of the plaintiff that no part of the said judgment, except the sum of $100, has been paid.

I have not considered the question of partial payment, for I do not think the evidence is sufficiently definite to enable me to pass upon it. The affidavit simply alleges the payment of $100 on account. The opposing affidavit denies that the defendant paid or authorized any payment or that it was paid in his behalf. Although I have no evidence of it, it is probable that the $100 was collected by the sale of the property. If so, certain interesting questions might arise under the provisions of section 377 of the Code.

Motion granted, with $10 costs. Settle order on notice.

---

(140 App. Div. 735; 69 Misc. Rep. 579.)

In re BAYNES.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. EMINENT DOMAIN (§ 101*)—CHANGE OF GRADE OF HIGHWAY—LIABILITY OF TOWN.

A town is not liable at common law to an abutting owner for a change in the grade of a highway, and can only be made liable by virtue of some provision of statute.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101;* Highways, Cent. Dig. §§ 358, 361.]

*For other cases see same topic & § NUMBER in Dec. & Am Digs. 1907 to date, & Rep'r Indexes

2. HIGHWAYS (§ 118*)—CHANGE OF GRADE—LIABILITY OF TOWN.

Highway Law (Laws 1890, c. 568) § 11a, as finally amended by Laws 1906, c. 530, making a town liable for a change in the grade of highways, constructed or repaired under Laws 1892, c. 686, § 69, has no application to a highway constructed by the state under Laws 1898, c. 115, known as the "good roads law," providing that the expense of the improvement shall be borne jointly by the town, county, and state.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 118.*]

3. HIGHWAYS (§ 118*)—IMPROVEMENT—CHANGE OF GRADE — ABUTTING PROPERTY OWNER—DAMAGES.

The fact that a town board petitioned the proper authorities by resolution to set in motion the machinery for the improvement of a highway, under Laws 1898, c. 115, known as the "good roads law," did not in any legal sense make the improvement one by the town so as to render the town liable for damages to adjoining property owners by a change of grade, as provided by Laws 1892, c. 686, § 69, especially where it did not appear that the improvement was made on the application of the commissioner of highways and the town board pursuant to a majority vote of the electors of the town, or that the town was ever authorized to construct, build or repair the highway, etc.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 118.*]

Application by Cora M. Baynes for the appointment of commissioners to ascertain the compensation to be awarded her as the owner of certain land by reason of a change in the grade of a highway known as the White Corner's Plank Road in the Town of Eden. Denied.

The following is the opinion of Lambert, J., at Special Term:

This is an application under the highway law, as amended by chapter 530 of the Laws of 1906, for the appointment of commissioners to determine damages to which the petitioner claims she is entitled by reason of the change of grade of the highway, known as the White Corner's Plank Road in the town of Eden, in front of the premises of the petitioner.

Chapter 530 of the Laws of 1906 provides as follows:

"Sec. 11a. Damages for change of grade.—In any town in which a highway hereafter shall be repaired, graded and macadamized from curb to curb by the authorities of the town in accordance with the provisions of section 69 of chapter 686 of the Laws of 1892. the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damages resulting from any change of grade."

Chapter 686 of the Laws of 1892, referred to in the statute above quoted, is the general county law. Section 69 thereof, as amended by chapter 163 of the Laws of 1894 provides as follows:

"Sec. 69. Authorize towns to borrow money.—The board of (supervisors) may, upon the application of any town or towns liable to taxation for constructing, building or repairing any highway or bridge therein or upon its borders, pursuant to a majority vote of the electors of such town or towns, at an annual town meeting or special town meeting called for that purpose upon the written request of the commissioner of highways and town board of such town or towns, authorize such town or towns to construct, build or repair, such highway or bridge and to borrow such sums of money for and on the credit of the town or towns as may be necessary for that purpose. * * *"

The petition shows that the town board of the town of Eden, in the year 1902, presented to the board of supervisors of Erie county a resolution petitioning the board to designate and improve the White Corner's Plank Road under the provisions of chapter 115 of the Laws of 1898, and that thereafter and in December, 1902, the board passed a resolution as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Resolved that the public interest demands the improvement under the provisions of chapter 115 of the Laws of 1898 of that section of public highway situate in the county of Erie and described as follows:

"Whites Corner's road in the town of Hamburg and Eden from the west corporate line of the village of Hamburg to the north line of the town of North Collins, being a distance of about eight miles.

"The above description does not include any portion of the highway within the boundaries of any city or incorporated village:

"Resolved that the clerk of this board is hereby directed to forthwith transmit a certified copy of the foregoing resolution to the state engineer and surveyor."

The petition further shows: That a copy of the resolution duly certified was transmitted to the state engineer and surveyor, who thereafter certified his approval thereof, and caused maps, plans, and specifications to be prepared, estimates to be made and transmitted the same to the board of supervisors of Erie county, duly certified and approved by him as required by law. That the board of supervisors thereafter adopted a resolution directing that the highway be constructed. And that thereafter the state engineer advertised for bids as provided by law and in the year 1906 contracted for the construction of the highway and which was constructed in the year 1908.

It is to be observed, as appears by the petition, that the highway in question was made and constructed in pursuance of chapter 115 of the laws of 1898, known as the "good roads law," and not in pursuance of section 69 of the county law hereinbefore quoted. Under the "good roads law" the expense of the improvement was borne jointly by the town, county, and state. The road was constructed in pursuance of the resolution of the board of supervisors by the state, and in no sense can it be said to have been repaired, graded, and macadamized "by the authorities of the town in accordance with the provisions of section 69 of chapter 686, of the Laws of 1892."

It is well settled that a town is not liable at common law to an abutting owner for a change of grade of a highway, and is only made liable by virtue of some provision of statute. The statute invoked by the petitioner, viz., section 11a of the highway law, as thereafter amended finally by chapter 530 of the Laws of 1906, specifically refers to the improvement of the highway by the authorities of a town in accordance with the provisions of section 69 of chapter 686 of the Laws of 1892, and does not seem to apply to a highway constructed by the state, the expense of which is borne jointly by the town, county, and the state.

The fact that the town board of the town of Eden petitioned the proper authorities, by resolution or otherwise, to set in motion the machinery for the improvement of the highway in question under the good roads law, does not in any legal sense make this an improvement of the highway by the town, as by section 69 of chapter 686 of the Laws of 1892 provided. The statement in the petition that the highway was "repaired, graded and macadamized from curb to curb by the authorities of the town" is the statement of a conclusion and is controverted by the allegations of fact therein contained, viz., that the road was constructed in accordance with the provisions of chapter 115 of the Laws of 1898, known as the "good roads law." The petition does not show any compliance whatever with section 69 of the county law. It does not show that the improvement was made upon the application of the commissioner of highways and town board pursuant to a majority vote of the electors of the town, nor that the town was ever authorized to construct, build, or repair the highway provided by that statute.

The statement in the opinion in Smith v. B. & A. R. R. Co., 99 App. Div. 94, at page 97, 91 N. Y. Supp. 412, at page 414, in speaking of section 11a, that "the statute apparently refers to those highways upon which the state roads are being built, in which case while the town is made liable for the change of grade to the detriment of the landowner, against such liability may be offset the benefit which he receives by reason of the improved highway," does not seem to be well founded, in view of the construction of the statute here made. To confer jurisdiction to have damages suffered by an abutting landowner determined, the petition must contain allegations bringing the ap-

plication within the provisions of the statute authorizing the same. In this respect there is a failure of material allegations of fact, as before pointed out. It does not show that the improvement in question giving rise to the damages alleged was made upon the application of the commissioners of highway pursuant to a majority vote of the electors of the town, and the application for the appointment of commissioners is therefore denied, with $10 costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edward C. Randall (William G. Crosby, of counsel), for appellant. Ticknor, Pierce & Pomeroy, for respondent.

PER CURIAM. Order affirmed, with costs, on the opinion of Lambert, J., delivered at Special Term.

(69 Misc. Rep. 601.)

ADLER v. MILES.

(Supreme Court, Appellate Term. December 2, 1910.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—JUDGMENT ON DIRECTED VERDICT.

On appeal from a city court judgment entered upon a verdict directed for plaintiff upon a statement being made of defendant's alleged defense, the facts stated in the alleged defense must be accepted as true for the purposes of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. LANDLORD AND TENANT (§ 199½*)—LIABILITY FOR RENT—VALIDITY OF DESIGNATED USE OF PREMISES.

Where a tenement house was leased for a moving picture show, and subsequently the city by ordinance prohibited the licensing of moving picture shows, located in tenement houses, so that the premises could not be used for the intended purpose, nor the lease performed according to its terms, the lessee was discharged from liability for rent, and its surety was not liable therefor to the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 199½.*]

3. CONTRACTS (§ 309*)—PERFORMANCE—PERFORMANCE MADE IMPOSSIBLE BY CHANGE IN LAW.

Where the law creates a duty, and the party is disabled from performing it without any default on his part, and he has no remedy over, the law will excuse him; but where the party, by his own contract, creates a duty on himself, he is bound to make it good if he may, notwithstanding any accident or inevitable necessity; but this rule does not apply where performance becomes impossible by a change in the law or by reason of action taken under governmental authority.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1444; Dec. Dig. § 309.*]

Appeal from City Court of New York, Trial Term.

Action by Aaron Adler against Herbert L. Miles, as surviving partner of the firm of Miles Brothers. From a judgment for plaintiff, and an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes